MABEL SCHWARZ et al., Respondents-Appellants, v. LOEW'S THEATRE & REALTY CORPORATION, Respondent; BERNARD ZELENKO, Appellant, et al., Defendants.— Plaintiff wife, while crossing the roadway at or near a crosswalk, was injured when she was struck by an automobile owned by defendant Zelenko, who was the manager of a theatre owned and operated by defendant Loew's Theatre & Realty Corporation. Plaintiff wife sued to recover damages for personal injuries, and her husband sued for loss of services. At the close of plaintiffs' case the court dismissed the complaint against the corporate defendant. The jury returned verdicts of $15,000 for the wife and $2,500 for the husband. The court reduced the verdicts to $8,500 and $1,500, respectively, to which plaintiffs consented. Defendant Zelenko appeals from an order denying his motion to set aside the verdict, and from the judgment entered on the verdicts

as reduced. Plaintiffs appeal from so much of the order and the judgment "as dismisses plaintiffs' complaint as against the defendant Loew's Theatre & Realty Corporation." On appeal by defendant Zelenko, the order and judgment in favor of plaintiffs are affirmed, with costs to plaintiffs. Plaintiffs' proof as to the nature and extent of the wife's injuries was uncontradicted, and defendant Zelenko does not argue that the verdicts, as reduced, are excessive. On appeal by plaintiffs, their appeal is dismissed, without costs. Neither the order nor the judgment appealed from contains a decretal paragraph which provides for the dismissal of the complaint against the corporate defendant. We have, however, considered plaintiffs' appeal and are of the opinion that it is without merit. Carswell, Acting P. J., Johnston and Sneed, JJ., concur; Adel and Wenzel, JJ., concur in the dismissal of the appeal of plaintiffs from the order and judgment herein, but dissent from affirmance of the judgment and order in favor of plaintiffs, on the appeal by defendant Zelenko, and vote to reverse and to grant a new trial on the ground that the verdict is against the weight of the evidence, with the following memorandum: A close question of fact was presented by the conflicting versions as to the happening of the accident. But in either case, the accident and the injuries to the plaintiff wife were slight. It was contrary to the weight of the credible evidence to find that the plaintiff wife's emotional and nervous troubles were caused by this accident, particularly since her physical condition concededly is normal, and she is suffering from disturbances associated with the menopause. The excessiveness of the verdicts, totalling $17,500, indicates that the jury also may have misconceived the questions of negligence and contributory negligence.